UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARRON T. TRASK and
TAMMY TRASK,

                *Plaintiffs*

vs.

CARBON PRODUCTS, INC. and
INTERNATIONAL PROCESS EQUIPMENT
CO., INC.

                *Defendants*

**ANSWER TO PLAINTIFFS' COMPLAINT**

Docket No. 1:18-cv-01130-EAW

---

Defendant INTERNATIONAL PROCESS EQUIPMENT CO., INC., by their attorneys, Feldman Kieffer, LLP, as and for their Answer to the Plaintiffs' Complaint, state and allege the following:

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

12. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

20. Denies the allegations contained in this paragraph as such pertain to this answering Defendant.

21. Denies the allegations contained in this paragraph as such pertain to this answering Defendant.

22. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

23. Answering this paragraph, Defendant admits those allegations which are elsewhere admitted, denies those allegations which are elsewhere denied, and lacks knowledge or information sufficient to form a belief those allegations which are elsewhere so treated.

24. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

27. Denies the allegations contained in this paragraph pertaining to any negligence of this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

28. Denies the allegations contained in this paragraph pertaining to any negligence of this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

29. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

30. Answering this paragraph, Defendant admits those allegations which are elsewhere admitted, denies those allegations which are elsewhere denied, and lacks knowledge or information sufficient to form a belief those allegations which are elsewhere so treated.

31. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

32. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

33. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

34. Denies the allegations contained in this paragraph.

35. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

36. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

37. Answering this paragraph, Defendant admits those allegations which are elsewhere admitted, denies those allegations which are elsewhere denied, and lacks knowledge or information sufficient to form a belief those allegations which are elsewhere so treated.

38. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

41. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

42. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

43. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

44. Answering this paragraph, Defendant admits those allegations which are elsewhere admitted, denies those allegations which are elsewhere denied, and lacks knowledge or information sufficient to form a belief those allegations which are elsewhere so treated.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

47.     Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

48.     Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

49.     Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

50.     Answering this paragraph, Defendant admits those allegations which are elsewhere admitted, denies those allegations which are elsewhere denied, and lacks knowledge or information sufficient to form a belief those allegations which are elsewhere so treated.

51.     Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

52. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

53. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

54. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

55. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

56. Answering this paragraph, Defendant admits those allegations which are elsewhere admitted, denies those allegations which are elsewhere denied, and lacks knowledge or information sufficient to form a belief those allegations which are elsewhere so treated.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

58. Denies the allegations contained in this paragraph pertaining to this answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

59. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, denies the allegations.

60. Defendant states that the allegations contained in this paragraph assert legal conclusions as to which no response is required, but to the extent a response is required, this answering Defendant further requests a trial by jury of all issues.

## AS AND FOR A FIRST DEFENSE

61. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

62. Upon information and belief, this action should not proceed in the absence of other necessary and indispensable parties.

## AS AND FOR A THIRD DEFENSE

63. Upon information and belief, this Court lacks subject-matter jurisdiction over the claims in this matter.

## AS AND FOR A FOURTH DEFENSE

64. Upon information and belief, this Court lacks personal jurisdiction over this Defendant.

## AS AND FOR A FIFTH DEFENSE

65. Upon information and belief, the venue where the Court is located is improper for this case.

### AS AND FOR A SIXTH DEFENSE

66. Upon information and belief, this Defendant was not properly served with the summons and complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. That the culpable conduct of the Plaintiff, if not the sole cause of the damages sustained in the incident alleged in the Complaint, contributed thereto. Thus, any damages otherwise recoverable in this action must be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused such damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. That at the time and place set forth in the Complaint, the Plaintiff assumed the risks incidental to the activity that he was engaged.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. That in the event the Plaintiff obtains recovery in this matter, in whole or in part, that recovery must be denied since, upon information and belief, the Plaintiff failed to take reasonable precautions for his own safety and otherwise failed to take reasonable action to mitigate or minimize his alleged damages, in whole or in part.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70. That whatever damages and injuries, if any, sustained by the Plaintiff was proximately caused by superseding and/or intervening events and not by any act or omission of the Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71. That if the Plaintiff sustained injury and damages by reason of fault other than his own, and judgment is recovered against this answering Defendant, then it is requested that the judgment be reduced, pursuant to Article 16 of the CPLR, by the percentage of liability attributable to the culpable conduct of person(s) not party(ies) to this action, but who are subject to the jurisdiction of this Court.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72. Pursuant to Article 16 of the CPLR, in the event that this answering Defendant is found liable to the Plaintiff by virtue of the matters alleged in the Complaint and such liability is determined to be less than fifty percent of the total culpability of all persons liable, then the liability of this answering Defendant for non-economic loss shall not exceed its equitable share of the total liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73. That the recoverable damages available to the Plaintiff, if any, must be diminished under the "collateral source rule" contained in CPLR 4545(c).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74. Liability for non-economic loss is limited by the provisions of Article 16 of the New York CPLR.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75. Should it be held that Article 14 of the New York CPLR could apply to any

claim being made by the Plaintiff(s) herein, this Defendant requests that the relative culpability of each person who is or may be liable to contribute to any liability for the damages alleged by the Plaintiffs in this action should be determined in accordance with the decisional and statutory law of the State of New York, in such cases made and provided; and the equitable share of each person liable for contribution should be determined and apportioned in accordance with the relative culpability of each such person, if any, pursuant to Article 14 of the New York CPLR.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

76.    Pursuant to Section 15-108 of the New York General Obligations Laws, the Plaintiffs' recovery, if any, from this Defendant must be reduced by the greatest of (1) any amounts actually paid by any person or entity for any of the injuries, costs, damages and expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity for any injuries, costs, damages or expenses alleged in the Complaint; or (3) the equitable share of the liability of any person or entity that has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

77.    The Plaintiffs have failed to commence this action within the applicable Statute of Limitations and it is therefore barred.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

78. Upon information and belief, the Plaintiff's claims are barred, in whole or in part, by Laches.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

79. Upon information and belief, the Plaintiff's claims are barred, in whole or in part, by the Doctrine of Avoidable Consequences.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

80. Plaintiffs' claims and causes of action are barred, in whole or in part, because this answering defendant exercised due care and conducted itself in accordance with applicable custom and practice in the industry and complied with all then-existing federal, state and local statutory and regulatory requirements.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

81. Plaintiffs' claims and/or causes of actions are barred, in whole or in part, because the answering defendant owed no legal duty to the plaintiff or, if it owed a legal duty, it did not breach that duty.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

82. That the actions of the plaintiff has resulted in the spoliation of material evidence.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

83. To the extent that any breach of warranty is alleged, Plaintiffs have failed to give prompt and proper notice of any such breach of warranty to this Defendant.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

84. The cause of action pleaded in the Complaint, insofar as it asserts an alleged cause of action for express and/or implied warranties and the alleged breaches thereof, as against this Defendant, is legally insufficient by reason of the failure to allege privity of contract and/or privity of warranties between the Plaintiffs and this Defendant.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

85. That to the extent that any of the products for which liability is charged herein to this Defendant, which is denied, were modified, assembled, altered, quantified or in any way materially varied, which same may be causally related to the claims of Plaintiffs, the actions of the Plaintiffs are barred therein.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

86. Plaintiffs' claims and causes of action are barred in whole or in part because the alleged danger in the subject product, to the extent that danger existed at all, was open, obvious, and well-known in fact to Plaintiffs.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

87. Upon information and belief, Plaintiffs were familiar with the use, care, and maintenance of the product involved and, as such, were sophisticated users. As a result, their claim may be barred.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

88. Incorporate by reference herein, as if fully set forth, all defenses, both affirmative and otherwise, raised, pleaded or asserted by the other answering Defendants.

## AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANT

89. That if the Plaintiff sustained injury and damage as alleged in the Complaint by reason of fault other than his own, and a Judgment is recovered against this answering Defendant, then the liability of said Defendant will have been brought about by reason of the primary culpable conduct of the Co-Defendant CARBON PRODUCTS, INC., without any such culpable conduct on the part of this answering Defendant, who is, thereby entitled to indemnity for all or part of any such judgment and in such amount as shall be determined ultimately at the trial of this action.

90. That in the event that the Plaintiff's injuries were not caused solely by the primary culpable conduct of Co-Defendant CARBON PRODUCTS, INC, thus this answer Defendant to indemnification, then the culpable conduct of Co-Defendant CARBON PRODUCTS, INC. contributed to such injuries. Thus, pursuant to CPLR 1402 and 1403, this answering Defendant shall have contribution from Co-Defendant CARBON PRODUCTS, INC. for any amount which they are required to pay in excess of Defendant's equitable share of all parties culpability in such amounts as will be determined by this Court.

**WHEREFORE**, Defendant INTERNATIONAL PROCESS EQUIPMENT CO., INC. hereby demands judgment as follows:

1. Dismissing the plaintiff's Complaint herein, together with costs and disbursements of this action;

2. That the plaintiff's damages, if any, be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages;

3. For the costs and disbursements of this action; and

4. For such other, further, and different relief which may seem just, proper, and equitable, together with the costs disbursements herein.

## DEMAND FOR JURY TRIAL

Defendants herein demand a trial by jury of all issues.

DATED: Buffalo, New York
February 5, 2019

FELDMAN KIEFFER, LLP

*[signature]*

Stephen M. Sorrels
Attorneys for Defendant
INTERNATIONAL PROCESS
EQUIPMENT CO., INC.
The Dun Building, Suite 400
110 Pearl Street
Buffalo, New York 14202
(716) 852-5875
ssorrels@feldmankieffer.com

To: Mary B. Schiller, Esq.
Fessenden Laumer & DeAngelo, PLLC
Attorneys for Plaintiffs
81 Forest Avenue
P.O. Box 590
Jamestown, New York 14702-0590
(716) 484-1010